1  Mark F. Anderson (SBN 44787)
   Anderson, Ogilvie & Brewer LLP
2  600 California Street, 18th Floor
   San Francisco, CA 94108-2711
3  Ph: (415) 651-1951
   Fax: (415) 956-3233
4  mark@aoblawyers.com

5

6  Attorneys for Plaintiff John R. Botti

7

8                UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10  JOHN R. BOTTI,                    Case No.

11                                    CV 11-00113

12            Plaintiff,
13       v.                           COMPLAINT

14
    EQUIFAX INFORMATION              (Fair Credit Reporting Act
15  SERVICES LLC;                    15 USC § 1681 et seq)
16  TRANS UNION LLC;
17  FIA CARD SERVICES, N.A,          DEMAND FOR JURY TRIAL

18

19

20  **Jurisdiction and Venue**

21  1.      This action is brought pursuant to the Fair Credit Reporting Act, 15 USC

22  §1681 et seq.  (FCRA). The court has jurisdiction over the FCRA claims pursuant

23  to 15 USC §1681p and over the state law claims pursuant to 15 USC § 1367.

24          2.     Plaintiff brings claims against each of the defendants based on

25  violations of the FCRA and against the furnisher defendants based on violations of

26

27  the Calif Consumer Credit Reporting Agencies Act, Civil Code § 1785.1 et seq.

28

Complaint and Jury Demand                    -1-

**Description of the Case**

3.    Plaintiff's late father had a caretaker who lived in the family's home in Los Altos, CA. In or about 2004, the caretaker stole plaintiff's identity. The caretaker opened about 15 credit card, department store, and gas credit card accounts in plaintiff's name.

4.    Once plaintiff discovered his identity had been stolen, he filed a police report with the Turlock, California, police department. He chose Turlock because the caretaker's permanent address was Turlock, CA.

5.    The fraudulent accounts appeared on plaintiff's credit reports published by Equifax, Trans Union and Experian. Plaintiff disputed the fraudulent accounts by sending letters to these three credit reporting agencies.

6.    Experian eventually deleted all of the fraudulent accounts. Defendants Equifax and Trans Union deleted all the accounts, except for one credit card account (account number 4888931999323293), which originally was a MBNA account. After Bank of America acquired MBNA, the account belonged to defendant FIA Card Services, N.A., a wholly-owned subsidiary of Bank of America.

7.    At one point, Equifax deleted the FIA Card Services account, but later reinserted it into plaintiff's credit report.

8.    Plaintiff sent dispute letter after dispute letter to FIA Card Services N.A., Equifax and Trans Union pointing out the account was there as a result of identity theft. Plaintiff enclosed a copy of the Turlock P.D. report on numerous occasions. Plaintiff submitted a fraud affidavit. Plaintiff filled out all forms required by FIA Card Services relating to identity theft.

9.     Defendant FIA Card Services, N.A. has been reporting the account as charged off and past due since October 2004.

10.    For reasons unknown to plaintiff, defendants to date have failed and refused to delete the fraudulent FIA Card Services account from plaintiff's credit files.

11.    As required by the FCRA and California Civil Code § 1785.25, each of the defendants was required to conduct a reasonable investigation as to whether the account should be on plaintiff's credit files. However, defendants failed to conduct a reasonable reinvestigation of the disputed account

**The Defendant Credit Reporting Agencies Failed to Comply with their Duties under the FCRA after Plaintiff Informed Them He Was the Victim of Identity Theft**

12.    Plaintiff repeatedly disputed the mortgage loan accounts by communicating with defendants Equifax and Trans Union.

13.    Upon receiving plaintiff's disputes, each of the defendant credit reporting agencies contacted the defendant furnisher FIA Card Services, N.A. seeking verification that the account did not belong to plaintiff. On each of these occasions, the defendant FIA Card Services N.A. verified that the account belonged to plaintiff.

14.    Plaintiff is informed and believes that the defendant credit reporting agencies conducted no investigation save contacting the defendant furnisher FIA Card Services N.A., which was the source of the inaccurate information in the first place.

15.    Moreover, under 15 U.S.C. § 1681c-2 of the FCRA, upon receipt of plaintiff's fraud Affidavit and identity theft police report, the defendant credit

Complaint and Jury Demand                    -3-

reporting agencies were obligated to block the information that was the result of identity theft.

16.   In violation of § 1681c-2, the defendant credit reporting agencies failed to block the inaccurate information.

Damages

17.   As a consequence of the defendants' violations of the FCRA and the California Civil Code, plaintiff has been damaged.

18.   Plaintiff's credit score has been impaired due to defendants' refusal to delete the fraudulent credit card account.

19.   Plaintiff purchased a home in Campbell, California in March 2008. Because of the inaccurate FIA Card Services account's impact on his credit scores, plaintiff's only available mortgage loan was option arm loan with high rate of interest.

20.   Because of the adverse FIA Card Services account, plaintiff has been denied mortgage loans on three properties on six occasions.

**The Parties**

21.   Plaintiff John R. Botti is a resident of Campbell, California.

22.    Defendant Equifax Information Services LLC is a Georgia corporation with its principal place of business in Atlanta, GA.  Equifax is a "consumer reporting agency" as defined by the FCRA, 15 U.S.C. § 1681a (f).

23.    Defendant Trans Union LLC is a Delaware corporation with its principal place of business in Chicago, IL.

24.    Defendant FIA Card Services, N.A. is a wholly-owned subsidiary of Bank of America. Defendant is subject to the requirements of 15 USC § 1681s2 and Civil Code § 1785.25.

**First Claim: Defendants' Violations of the Fair Credit Reporting Act, 15 USC § 1681i and § 1681c-2—Against the Defendants Equifax and Trans Union**

25. Plaintiff incorporates by reference ¶¶ 1 through 24.

26.    The Fair Credit Reporting Act provides that if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consume notifies the agency directly of such dispute, the agency shall conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate, or delete the item from the file within 30 days of receiving the consumer's dispute notice. 15 USC § 1681i (a) (1) (A).  The Act further requires the credit reporting agency, within 5 business days of receiving notice of the consumer's dispute, to provide notification of the dispute to the person who furnished the information in dispute and requires the credit reporting agency to "include all relevant information regarding the dispute that the agency received from the consumer." 15 USC § 1681i (a) (2) (A). In conducting its reinvestigation of disputed information in a consumer report, the credit reporting agency is required to "review and consider all relevant information submitted by the consumer."

27.    Within the two years preceding the filing of this complaint, plaintiff notified each of the Defendant credit reporting agencies of inaccuracies contained in its reports on plaintiff due to identity theft and asked each of the defendants to reinvestigate and correct the inaccuracies.

28.   Each of the defendant credit reporting agencies failed to conduct a proper reinvestigation of the item of information that plaintiff disputed.

29.   Each defendants failed to review and consider all relevant information submitted by plaintiff.

30.   Each of the defendants failed to block the inaccurate information that was a result of the identity theft as required by 15 U.S.C. § 1681c-2.

31.   As a result of the above-described violations of § 1681i and § 1681c-2, plaintiff has sustained actual pecuniary damages and emotional distress. Plaintiff will suffer additional damages in the future.

32.   Plaintiff requests punitive damages pursuant to 15 USC § 1681n (a) (2) against each of the defendants.

33.   Plaintiff requests costs of the action together with reasonable attorney's fees as determined by the court in accordance with 15 USC §§ 1681n (a) and 1681o (a).

**Second Claim: Violations of the Fair Credit Reporting Act, 15 USC § 1681s-2(b) Against the Defendant Furnisher FIA Card Services, N.A.**

34. Plaintiff incorporates by reference ¶¶ 1-24.

35.   The FCRA requires a furnisher, after receiving notice from a credit reporting agency that a consumer disputes information that is being reported by that furnisher, to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate

1  information.

2      36.    Within the last two years, the defendant furnisher provided

3  inaccurate information about plaintiff to the defendant credit reporting agencies.

4      37.    Within the past two years, plaintiff  notified the defendant furnisher

5
6  he disputed the inaccurate information it has been reporting.

7      38.    The defendant credit reporting agencies notified the defendant

8  furnisher that plaintiff was disputing the information it has furnished concerning

9  his credit.

10     39.    The defendant furnisher negligently and willfully violated 15 USC §

11
12  1681s-2(b) by failing to conduct an appropriate investigation, by failing to review

all relevant information, by failing to report the results to the credit reporting
13
14  agencies, by failing to modify, delete or permanently block the reporting of the

15  inaccurate information about plaintiffs, and by failing to report to the credit

16  reporting agencies that the accounts was disputed by plaintiff.

17     40.    As a result of the above-described violations of § 1681s-2(b),

18
19  plaintiff has been damaged. Plaintiff continues to suffer actual damages and

plaintiff will suffer more damages in the future.
20
21     41.    Plaintiff requests punitive damages pursuant to 15 USC § 1681n (a)

22   (2).

23  **Third Claim: Violations of the California Consumer Credit Reporting Agencies**
    **Act, California Civil Code §§ 1785.25 et *seq*. Against the Defendant Furnisher FIA**
24  **Card Services, N.A.**

25     42. Plaintiff incorporates by reference ¶¶ 1-41.

26
27     43.    California Civil Code § 1785.25 (a) states that a "person shall not

28  furnish information on a specific transaction or experience to any consumer credit

Complaint and Jury Demand              -7-

1   reporting agency if the person knows or should know the information is

2   incomplete or inaccurate."

3       44.   The defendant furnisher negligently and willfully furnished

4   information to the defendant credit reporting agencies that it knew or should have

5   known was inaccurate.

6

7       45.   Based on these violations of Civil Code § 1785.25 (a), plaintiff is

8   entitled to the remedies afforded him by Civil Code § 1785.31, including actual

9   damages, attorney's fees, pain and suffering, punitive damages in an amount not

10  less than $100 nor more than $5,000, for each violation as the Court deems

11  proper.

12  **PRAYER**

13

14      WHEREFORE, plaintiff prays for judgment as follows:

15      1.   Actual damages;

16      2.   Statutory damages;

17      3.   Punitive damages;

18      4.   Costs of the action together with reasonable attorneys fees as

19
20           determined by the court;

21      5.   Such other relief as the Court may deem proper.

22  Dated: January 5, 2011.      ANDERSON, OGILVIE & BREWER LLP

23

24                          By /s/ Mark F. Anderson
                                Mark F. Anderson
25                              Attorney for Plaintiff

26

27  **DEMAND FOR JURY TRIAL**

28      Plaintiff demands a trial by jury on all issues.

Complaint and Jury Demand          -8-

1    Dated: January 5, 2011.        ANDERSON, OGILVIE & BREWER LLP

2
                                    By /s/ Mark F. Anderson
3                                       Mark F. Anderson
                                        Attorney for Plaintiff
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Complaint and Jury Demand                       -9-